**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. JEFFREY MISSAL,<br>　　　　　　　Petitioner,<br><br>　　　　v.<br><br>DEPARTMENT OF THE INTERIOR,<br>　　　　　　　Agency. | DOCKET NUMBER<br>CB-1208-18-0019-U-1<br><br><br>DATE: September 7, 2018 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Thomas Devine, Esquire, Washington, D.C., for the relator.

Daniel T. Raposa, Washington, D.C., for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY EXTENSION REQUEST

¶1　　　　Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests that the Board stay indefinitely the Department of the Interior's removal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of Jeffrey Missal.  For the reasons discussed below, OSC's request is GRANTED, and the stay is extended indefinitely.

## BACKGROUND

¶2    As properly described in the September 15, 2017 Order on Stay Extension Request, Mr. Missal was removed from his Environmental Protection Specialist position effective January 14, 2016.  *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-2, Order on Stay Extension Request, ¶ 2 (Sept. 15, 2017).  On July 28, 2017, OSC filed an initial request for a 45-day stay of Mr. Missal's removal.  *Id.*  OSC argued that it had reasonable grounds to believe that the agency removed Mr. Missal in retaliation for whistleblowing and other protected activity in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C).  *Id.*  On August 2, 2017, OSC's initial stay request was granted.  *Id.*  On September 15, October 26, and December 8, 2017, and on January 19, March 13, April 24, June 7, and July 24, 2018, eight, separate 45-day extensions of the stay were granted, such that the stay is currently in effect through September 10, 2018.  *Id.*, ¶ 10; *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-9, Order on Stay Extension Request, ¶¶ 1-2, 8 (July 24, 2018).

¶3    On August 23, 2018, OSC filed a petition for corrective action on Mr. Missal's behalf with the Board pursuant to 5 U.S.C. § 1214(b)(2)(C).  *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1214-18-0018-T-1.  On the same day, OSC filed a timely request to extend indefinitely the stay of Mr. Missal's removal pursuant to 5 U.S.C. § 1214(b)(1)(B).  *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-18-0019-U-1, Stay Request File

(0019 SRF), Tab 1.[2]  OSC asserts that an indefinite stay is appropriate here because there are reasonable grounds to believe that the agency has committed a prohibited personnel practice and because OSC has filed a petition for corrective action in the matter.  *Id.* at 25-26.

¶4      On August 24, 2018, the Clerk of the Board issued an order informing the parties that "[t]he Board will treat the present request for an indefinite stay as a request for an extension of the stay initially granted."  0019 SRF, Tab 2 at 1.  The agency has not opposed OSC's stay extension request.

## ANALYSIS

¶5      The Board may extend the period of a stay for any period that it considers appropriate.[3]  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).  In evaluating a request for an extension of a stay, the Board will view the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Waddell*, 105 M.S.P.R. 208, ¶ 3.

¶6      In OSC's request for an indefinite stay, OSC asserts that, because the agency has declined to take the corrective action recommended in OSC's prohibited personnel practice report, it has filed a petition for corrective action with the Board.  0019 SRF, Tab 1 at 26.  OSC further asserts that the facts set forth in OSC's initial stay request have not changed materially during the stay.  *Id.* at 62.  OSC concludes that a stay is necessary to reduce Mr. Missal's hardship, and it requests that he be held harmless during the corrective action proceedings.

---

[2] As explained in the Clerk of the Board's order dated August 24, 2018, the instant request for an indefinite stay extension is being processed under a new docket number due to MSPB system requirements.  0019 SRF, Tab 2 at 1 n.*.

[3] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum.  *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017), *as amended by* Pub. L. No. 115-91, Sec. 1097(j), 131 Stat. 1283, 1625 (Dec. 12, 2017).

*Id.* at 3, 26, 62. Under the specific circumstances of this case and in light of the fact that the evidentiary record supporting OSC's initial stay request has not changed significantly since the initial stay was granted, an extension of the stay is appropriate. *See Waddell*, 105 M.S.P.R. 208, ¶ 4.

¶7        The length of the extension requires a separate determination. *Id.*, ¶ 5. Here, OSC did not file its initial stay request until 18 months after the effective date of Mr. Missal's removal. *See Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 625, 628-30 (1997) (considering the passage of time from the effective date of the personnel action to the date of the initial stay request in deciding to grant an extension of a stay). Moreover, the stay has been in effect since August 2, 2017, and has been extended continuously since that time pursuant to eight, separate extension requests from OSC, each of which the Board granted.[4] *See Special Counsel ex rel. Jacobs v. Department of Justice*, 81 M.S.P.R. 493, ¶ 7 (1999) (considering the amount of time the stay had been in effect in deciding to grant an extension of a stay).

¶8        However, the Board has found it appropriate to grant an indefinite stay extension if, as here, OSC has filed a petition for corrective action. *See Waddell*, 105 M.S.P.R. 208, ¶¶ 2, 5 (granting an indefinite stay, after previously granting three, prior extensions, pending resolution of OSC's petition for corrective action); *Special Counsel ex rel. Perfetto v. Department of the Navy*, 85 M.S.P.R. 454, ¶¶ 14-15 (2000) (granting an indefinite stay when OSC had filed a petition for corrective action despite the agency's request to set an expiration date). Here, OSC contends that an indefinite stay extension is appropriate because additional time will be required for the Board to adjudicate the corrective action petition and because it would mitigate uncertainty for Mr. Missal and his supervisors. 0019 SRF, Tab 1 at 26. In light of OSC's filing of a petition for corrective

---

[4] The agency has not opposed the last six extension requests from OSC.

action, an indefinite extension of the stay is appropriate under 5 U.S.C. § 1214(b)(1)(B). *See Waddell*, 105 M.S.P.R. 208, ¶ 5.

**ORDER**

¶9    Pursuant to 5 U.S.C. § 1214(b)(1)(B), an indefinite extension of the stay is hereby GRANTED, and it is ORDERED that:

(1)    The stay issued on August 2, 2017, is extended indefinitely, on the terms and conditions set forth in that Order until the Board issues a final decision on the petition for corrective action, unless the Board determines it is appropriate to terminate the stay under 5 U.S.C. § 1214(b)(1)(D); and

(2)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order.

FOR THE BOARD:          _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.